UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'07 DEC -4  AM 9: 35

CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,   )   Magistrate Case No._____
                            )
          Plaintiff,    BY: )   DEPUTY
                            )   COMPLAINT FOR VIOLATION OF
     v.                     )
                            )
Jose Toribio GUERRERO-Ayala (D1)  )  Title 8, U.S.C., Section
     and                          )  1324(a)(2)(B)(iii)
Francisco Javier GUERRERO-Ayala (D2) )  Bringing in Illegal Alien(s)
                            )   Without Presentation
          Defendants        )
                            )

'07 MJ 2800

The undersigned complainant being duly sworn states:

On or about **December 3, 2007**, within the Southern District of California, defendants **Jose Toribio GUERRERO-Ayala (D1) and Francisco Javier GUERRERO-Ayala (D2),** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely, **Maria Azucena VALDERRAMA-Gutierrez** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Signature of Complainant
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this **4th** day of **December, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

The complainant states that **Maria Azucena VALDERRAMA-Gutierrez** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On December 3, 2007 at approximately 11:00 AM **Jose Toribio GUERRERO-Ayala (Defendant 1)** made application for admission into the United States at the San Ysidro Port of Entry as the driver of a gray 1994 Plymouth Voyager. Defendant was accompanied by passenger **Francisco Javier GUERRERO-Ayala (Defendant 2)**. No other occupants were visible in the vehicle. A U.S. Customs and Border Protection (CBP) Officer received negative declarations from both Defendants. Both Defendants presented valid Laser Visa cards (DSP-150) as their entry documents and Defendant 1 stated he was the owner of the vehicle. The CBP Officer referred the vehicle and both Defendants to vehicle x-ray operations for further investigation.

During secondary inspection, CBP Officers screened the vehicle utilizing non-intrusive x-ray equipment. The CBP Officer operating the x-ray equipment noticed what appeared to be a person concealed inside the driver side panel of the vehicle. A CBP Officer questioned Defendant 1 and he stated he was going to San Ysidro to shop. Defendant 1 also stated he was the owner of the vehicle and presented a Baja California, Mexico vehicle registration bearing his name. CBP Officers removed two captain chairs attached by a locking mechanism to the floor of the van. CBP Officers unscrewed and forced open the driver side panel of the vehicle and discovered a human being concealed inside a non-factory compartment. The individual was determined to be a citizen of Mexico without entitlements to enter the United States. The individual was retained as a Material Witness and is now identified as **MARIA Azucena VALDERRAMA-Gutierrez.**

During a video recorded interview, Defendant 2 was advised of his Miranda Rights, acknowledged his rights and elected to answer questions without the benefit of counsel. Defendant denied knowledge of the concealed alien. Defendant denied receiving monetary compensation to smuggle a person into the United States.

During a separate recorded interview, Material Witness declared she is a citizen of Mexico without legal documents to enter the United States. Material Witness stated her father was going to pay $3,500.00 USD for her to be smuggled into the United States. Material Witness stated she was going to Los Angeles, California.